**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND, INDIANA**

| | |
|---|---|
| **DEMETTRESS BURNETT** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )**CAUSE NO. 2:21-CV-00227** |
| **FRANCISCAN  ALLIANCE, INC.** | ) |
| | ) |
| **Defendant,** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1.  This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e. and 42 U.S.C. § 1981 as amended by the Civil Rights Act OF 1991; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621-634, and 28 U.S.C. §§ 1331 and 1343.

2.  Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on April 19, 2021.

**PARTIES**

3.  Plaintiff is a 55-year old African-American Christian female and at all relevant times she resided in the Southern District of Indiana.

4.  Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

**FACTS**

5.  Plaintiff began working for the Defendant on April 6, 2020.

6.  Plaintiff performed her job well.

7.  Plaintiff was frequently harassed by her manager.

8.  In June of 2020, another coworker attempted to hit Plaintiff.

9.  Plaintiff reported this conduct to her supervisor.

10. Plaintiff's supervisor took no further action.

11. On August 21, 2020, Plaintiff complained that everyone else had a private office with blinds, and she was unable to have a private office.

12. Other white colleges had private offices away from distractions.

13. From July 9 through July 20, 2020, Plaintiff took a leave of absence due to Covid-19.

14. On August 25, 2020, Management blamed Plaintiff for a medical overpayment that occurred while she was on leave.

15. The two Caucasian coworkers who covered for Plaintiff when she was on leave were not blamed for the medical overpayment.

16. On August 25, 2020, Plaintiff was placed on a Performance Improvement Plan (PIP).

17. On September 15-16, 2020

18. On September 22, 2020, Plaintiff expressed concerns about her Christian beliefs and her work environment.

19. On September 25, 2020, Halloween Witches and Ghosts were hung on the windows and doors of Plaintiff's office by her supervisor, which violates Plaintiff's religious beliefs.

20. On October 13, 2020, Plaintiff was terminated allegedly for failing to improve.

21. Similarly situated Caucasian co-workers engaged in conduct of comparable seriousness, however, she was not terminated.

22. Plaintiff was terminated due to her race.

23. Plaintiff was terminated due to her religion.

24. Plaintiff was terminated due to her age.

25. Plaintiff was terminated for engaging in protected activity.

**COUNT I**

26. Plaintiff incorporates by reference paragraphs 1-25.

27. Defendant, as a result of terminating Plaintiff due to her race, violated 42 U.S.C. § 1981.

**COUNT II**

28. Plaintiff incorporates by reference paragraphs 1-25.

29. Defendant, as a result of terminating Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

**COUNT III**

30. Plaintiff incorporates by reference paragraphs 1-25.

31. Defendant, as a result of terminating Plaintiff for engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

**COUNT IV**

32. Plaintiff incorporates by reference paragraphs 1-25.

33. Defendant, as a result of terminating Plaintiff for engaging in protected activity, violated 42 U.S.C. § 1981.

### COUNT V

34. Plaintiff incorporates by reference paragraphs 1-25.

35. Defendant, as a result of terminating Plaintiff due to his age, violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621-634.

### COUNT VI

36. Plaintiff incorporates by reference paragraphs 1-25.

37. Defendant, as a result of terminating Plaintiff due to her religion, violated Title VII 42 U.S.C. § 2000 et al.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A.  Award Plaintiff back pay and benefits lost;

B.  Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C.  Award Plaintiff punitive damages;

D.  Award Plaintiff his cost in this action and reasonable attorney fees;

E.  Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd 31235-49
Attorney for Plaintiff

Amber K. Boyd 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416